UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH TAYLOR | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:02-0289 |
| | ] | |
| NASHVILLE GLASS PLANT - FORD | ] | |
| VISTEON | ] | |
|     Defendant. | ] | |

To: Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION

On May 7, 2002, the plaintiff, proceeding *pro se*, voluntarily dismissed the instant race discrimination lawsuit. *See* Docket Entry No. 13. Since the dismissal, the plaintiff has filed a Motion to Re-Open (Docket Entry No. 15) along with his Reasons to Re-Open (Docket Entry No. 18).[1]

By an order (Docket Entry No. 16) entered June 28, 2006, the Court referred the plaintiff's Motion to Re-Open to the Magistrate Judge for consideration. Having carefully reviewed the plaintiff's pleadings, the undersigned respectfully recommends for the reasons stated below that the Motion to Re-Open should be denied.

In his Motion to Re-Open, the plaintiff describes how, while working at the defendant

---

[1] The Motion to Re-Open was filed by the petitioner on June 23, 2006, more than four years after the dismissal.

1

glass plant on December 16, 2004, he suffered an asthma attack. The plaintiff claims that the asthma attack was caused by poor environmental conditions at the glass plant. The plaintiff notes how fellow employees have also fallen ill from chemicals and other contaminants in the air at the plant and requests "that all respiratory victims in this plant receive no less than $500,000 award as redress each." Docket Entry No. 15 at pg. 7.

Motions to reopen are generally left to the sound discretion of the district court. <u>Rivera-Flores v. Puerto Rico Telephone Company</u>, 64 F.3d 742 (1st Cir. 1995). Here, there are several reasons why the instant case should not be reopened to include new claims. First, the plaintiff's environmental claims raised in his Motion to Re-Open have nothing to do with the original subject matter of this action, i.e., race discrimination. Second, plaintiff's environmental claims, which arose more than eighteen months ago, may be untimely. In addition, the plaintiff has no standing to assert the claims of his fellow workers at the glass plant. <u>Newsom v. Norris</u>, 888 F.2d 371, 380 (6th Cir. 1989). The plaintiff would be free, of course, to pursue his environmental claims in a new and independent action. Therefore, the plaintiff has shown no good cause why this action should be reopened to include claims that question the working conditions at his place of employment.

## R E C O M M E N D A T I O N

Accordingly, the undersigned respectfully RECOMMENDS that the Court DENY the plaintiff's Motion to Re-Open this action.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

2

portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                              Respectfully submitted,

                              /s/ Joe B. Brown
                              Joe B. Brown
                              United States Magistrate Judge