IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:02-0289 |
| | ) | Judge Trauger |
| NASHVILLE GLASS PLANT-FORD VISTEON, | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FORD MOTOR COMPANY and | ) | |
| VISTEON CORPORATION, | ) | |
| | ) | |
| Interested Parties. | ) | |

## O R D E R

On July 27, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the plaintiff's Motion to Re-Open This Action Be Denied on the ground that the case which the plaintiff seeks to reopen alleged workplace race discrimination occurring some four years ago, and his present claims appear to relate to environmental working conditions at his same place of employment. (Docket No. 20)

The plaintiff has made five filings since the issuance of the Report and Recommendation, some of which the court will construe as objections and some of which are not objections. To the extent that objections are made, the court must make a *de novo* determination of those objections. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED.R.CIV.P.

The plaintiff's first filing seems to have nothing whatever to do either with the four-year-

1

old case or his new allegations. It discusses "missing pension credits" that justify arbitration. (Docket No. 21) To the extent that this document can be construed as an objection to the Report and Recommendation, it is **OVERRULED**.

The second document is entitled "Submitting Evidence In Case" and attaches a xerox copy of a dirt sample apparently submitted to the "Tennessee OSHA" in connection with his complaints of environmental dangers in the workplace. (Docket No. 22) To the extent that this document can be construed as an objection to the Report and Recommendation, it is **OVERRULED**.

The next document states that the plaintiff accepts the recommendation that his prior case not be reopened and that the plaintiff "seeks an attorney to file a new case correctly," as was recommended by the Magistrate Judge. (Docket No. 23) This document is not an objection to the Report and Recommendation and could be construed as withdrawing the previous documents, if, in fact, they were objections to the Report and Recommendation.

The next document is a copy of a letter received by the plaintiff from George H. Thompson, III, a Nashville attorney, indicating that he cannot represent the plaintiff in this new case. (Docket No. 24)

The last document consists of copies of a Citation and Notification of Penalty issued by, and a letter to the plaintiff sent by, the Tennessee Department of Labor and Workforce Development, Occupational Safety and Health Division. (Docket No. 25) These documents apparently relate to the plaintiff's allegations of environmental dangers in the workplace.

The plaintiff has submitted nothing that causes the court to overrule the recommendations

2

of the Magistrate Judge. The Report and Recommendation (Docket No. 20) is therefore **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the plaintiff's Motion to Re-open (Docket No. 15) is **DENIED**.

It is so **ORDERED.**

Enter this 14th day of August 2006.

                                              ALETA A. TRAUGER
                                              U.S. District Judge